# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEN WARREN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:12CV02188 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the government's motion to dismiss. The government contends that movant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is barred by the limitations period. The Court ordered movant to respond to the government's motion on two occasions, but movant has failed to do so. Having reviewed the case file, the Court finds that the § 2255 motion is time-barred.

On September 13, 2007, movant was indicted on one count of felon in possession of a firearm. Movant pled guilty on May 23, 2008. On October 10, 2008, the Court sentenced movant to 180 months' imprisonment and three years of supervised release. Petitioner appealed, and the Eighth Circuit Court of Appeals issued its Judgment affirming the sentence on December 10, 2009. Movant filed the instant § 2255 motion on November 19, 2012.

Under 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. Clay v. United States, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). The time does not run from the date of mandate. Supreme Court Rule 13(3); Clay, 537 U.S. at 527, 529. A § 2255 movant therefore has

one year and ninety days from the judgment of the appellate court within which to file a § 2255 motion.

The one-year period expired on March 10, 2011, which is one year and ninety days after the Court of Appeals issued its Judgment. As a result, movant's § 2255 motion is untimely, unless he can demonstrate that he is entitled to equitable tolling.

In his motion, movant appears to argue that his motion was delayed by institutional staff by "a few days time." This claim, however, does not entitle movant to equitable tolling because his motion is out of time by well over one year. As a result, the Court will dismiss this action without further proceedings.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether the motion is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion to dismiss [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

So Ordered this 13th day of February, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE